UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

SHAWNA COBB,

      Plaintiff,

v.                                                            Case No:   2:13-cv-769-FtM-DNF

CAROLYN V. COLVIN,
ACTING COMMISSIONER OF SOCIAL
SECURITY,

      Defendant.

_____

## OPINION AND ORDER

Plaintiff, Shawna Cobb, seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("SSA") denying her claim for disability insurance benefits and supplemental security income.   The Commissioner filed the Transcript of the proceedings (hereinafter referred to as "Tr." followed by the appropriate page number), and the parties filed legal memoranda in support of their positions.   For the reasons set out herein, the decision of the Commissioner is **AFFIRMED** pursuant to § 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

### I.   Social Security Act Eligibility, the ALJ Decision, and Standard of Review

### A.   Eligibility

The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months.   42 U.S.C. §§ 416(i), 423(d)(1)(A), 1382a(3)(A); 20 C.F.R. §§ 404.1505, 416.905. The impairment must be severe, making the claimant unable to do her previous work, or any other substantial gainful activity which exists in the national economy.   42 U.S.C. §§ 423(d)(2),

1382(a)(3); 20 C.F.R. §§ 404.1505 - 404.1511, 416.905 - 416.911.   Plaintiff bears the burden of persuasion through step four, while at step five the burden shifts to the Commissioner.   *Bowen v. Yuckert*, 482 U.S. 137, 146, n.5 (1987).

### B.   Procedural History

 Plaintiff filed an application for Disability Insurance Benefits (DIB), and Supplemental Security Income (SSI) on September 8, 2010, asserting a disability onset date of March 4, 1997. (Tr. p. 106-113, 114-19).   Plaintiff's application was initially denied on January 7, 2011, and denied upon reconsideration on March 2, 2011.   (Tr. p. 66-68, 78-79).   Plaintiff then filed a written request for hearing on March 21, 2011 and a hearing was held before Administrative Law Judge Larry J. Butler on August 10, 2012.   (Tr. p. 84, 85).   The ALJ issued an unfavorable decision on August 10, 2012.   (Tr. p. 25-37).   On September 2, 2013, the Appeals Council denied Plaintiff's request for review.   (Tr. p. 1-6).   Plaintiff filed a Complaint in the United States District Court on October 28, 2013.   (Doc. 1).   This case is now ripe for review under 42 U.S.C. §§ 405(g), 1383(c)(3).   The parties consented to proceed before a United States Magistrate Judge for all proceedings on February 12, 2014.   (Doc. 17).

### C.   Summary of the ALJ's Decision

An ALJ must follow a five-step sequential evaluation process to determine if a claimant has proven that he is disabled. *Packer v. Comm'r of Social Security*, 542 F. App'x 890, 891 (11th Cir. 2013) (citing *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999)). An ALJ must determine whether the claimant (1) is performing substantial gainful activity; (2) has a severe impairment; (3) has a severe impairment that meets or equals an impairment specifically listed in 20 C.F.R. Part 404, Subpart P, Appendix 1; (4) can perform his past relevant work; and (5) can perform other work of the sort found in the national economy. *Phillips v. Barnhart*, 357 F.3d 1232, 1237-40

(11th Cir. 2004). The claimant has the burden of proof through step four and then the burden shifts to the Commissioner at step five. *Hines-Sharp v. Comm'r of Soc. Sec.*, 511 F. App'x 913, 915 n.2 (11th Cir. 2013).

The ALJ determined that Plaintiff met the Social Security Act's insured status requirements through June 30, 1998.  (Tr. p. 27).  At step one of the sequential evaluation, the ALJ found that Plaintiff had not engaged in substantial gainful activity since March 4, 1997, the alleged onset date.  (Tr. p. 27).  At step two, the ALJ found that Plaintiff suffered from the following severe impairments: bipolar disorder; major depressive disorder; posttraumatic stress disorder; adjustment disorder, and personality disorder, citing 20 C.F.R. § 404.1520(c) and 416.920 (c).  (Tr. p. 27).  At step three, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of any of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. § 404.1520(d), § 404.1525, § 404.1526, § 416.920(d), § 416.925, and § 416.926). (Tr. p. 28).

At step four, the ALJ determined that Plaintiff has the residual functional capacity ("RFC") to perform a full range of work at all exertional levels as defined in 20 C.F.R. § 404.1567(c). (Tr. p. 29). The ALJ determined Plaintiff had the following nonexertional limitations: "can understand and remember simple tasks, carryout simple and complex tasks; can maintain concentration and attention for routine uncomplicated tasks and complete a normal work week without excessive interruptions from psychologically based symptoms if the tasks are within her capacity."  (Tr. p. 29).  The ALJ also determined Plaintiff "can relate adequately with supervisors and co-workers; and adapt to simple changes and avoid work place hazards."  (Tr. p. 29).  The ALJ considered Plaintiff's symptoms using the two-step process of first, determining whether an underlying medically determinable physical or mental impairment that could reasonably be expected to

produce claimant's symptoms, and then evaluating the intensity, persistence, or functionally limiting effects of the Plaintiff's symptoms to determine the extent to which they limit the claimant's functioning.   (Tr. p. 30).

The ALJ found Plaintiff's statements regarding the intensity and functionally limiting effects of the symptoms were not credible because they were inconsistent with the RFC assessment.   (Tr. p. 34).   In addition, the ALJ observed if Plaintiff is compliant with treatment and medications her mental impairments are not severe.   (Tr. p. 34).   The ALJ determined that the medical evidence and Plaintiff's activities of daily living were inconsistent with Plaintiff's claims. (Tr. p. 35). The ALJ also determined that Plaintiff is able to perform her past relevant work as a cashier (pursuant to 20 C.F.R. § 404.1565 and 416.965).

At step five, even after finding Plaintiff capable of performing past relevant work, the ALJ found there are other jobs existing in the national economy that Plaintiff is able to perform.   (Tr. p. 36).   The ALJ looked at Plaintiff's RFC, age, education, and work experience and found she was not disabled and could work any number of unskilled jobs.   (Tr. p. 36).   The ALJ concluded that Plaintiff is not under a disability as defined in the Social Security Act, from March 4, 1997, through the date of the decision. (Tr. p. 37).

### D.  Standard of Review

The scope of this Court's review is limited to determining whether the ALJ applied the correct legal standard and whether the findings are supported by substantial evidence.   *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988); *Richardson v. Perales,* 402 U.S. 389, 390 (1971). The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. §405(g).   Substantial evidence is more than a scintilla; i.e., the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence

as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (citing *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) and *Richardson*, 402 U.S. at 401).

Where the ALJ's decision is supported by substantial evidence, the district court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the ALJ's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). The district court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Foote,* 67 F.3d at 1560; *accord*, *Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (court must scrutinize the entire record to determine reasonableness of factual findings).

## II. Analysis

Plaintiff raises five issues on appeal: (1) Whether the ALJ erred in his RFC assessment by failing to find that Plaintiff had greater limitations in social functioning; (2) Whether the ALJ erred in giving the proper weight to Plaintiff's treating physician; (3) Whether the ALJ properly found that Plaintiff's past relevant work as a cashier rose to the level of substantial gainful activity; (4) Whether the ALJ erred in not requiring testimony from a Vocational Expert as to whether Plaintiff was capable of performing this work; (5) Whether the ALJ erred by not explaining his findings that Plaintiff's daily activities and ability to care for a child conflicted with her inability to work full-time. The Court will address each in turn.

### A. Whether the ALJ erred in his RFC assessment by failing to find that Plaintiff had greater limitations in social functioning.

Plaintiff argues that the ALJ's decision is not based on substantial evidence because Plaintiff is significantly more limited in social functioning than the ALJ found in his opinion.

(Doc. 24, p. 16).   Plaintiff argues that the medical evidence of record shows that Plaintiff has a well-established history of receiving medical treatment for her chronic psychological conditions and her inability to function socially. (Doc. 24, p. 16-17).   Plaintiff contends that the ALJ made no attempt to explain how he reached his conclusion that Plaintiff has only mild difficulties in maintaining social functioning and can relate adequately with supervisors and co-workers. (Doc. 24, p. 17).

The Commissioner responds that the ALJ's finding that Plaintiff is able to interact adequately with coworkers and supervisors is supported by substantial evidence. (Doc. 26, p. 9). According to the Commissioner, the ALJ's finding as to Plaintiff's social functioning is supported by such evidence as: the opinion of the state agency consultant, whom the ALJ gave great weight; Plaintiff's ability to hold a job in the prison canteen after her alleged onset date; notations from her treating doctors in prison that she had adequate coping strategies; and the findings of Drs. Bowman and Kasprzak, who found Plaintiff to be pleasant, willing, and cooperative throughout her examination. (Doc. 26, p. 9).

In determining whether Plaintiff can return to her past relevant work, the ALJ must determine the Plaintiff's RFC using all of the relevant medical and other evidence in the record. *Phillips v. Barnhart*, 357 F.3d 1232, 1238-39 (11th Cir. 2004); 20 C.F.R. § 404.1520(e). All medically determinable impairments are to be considered when the judge conducts a RFC assessment. See 20 C.F.R. § 404.1545(a)(2).   Where the Commissioner's decision is supported by substantial evidence, the district court will affirm, even of the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision.   *Edwards v. Sullivan*, 937 F.2d 580 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991).

In this case, the Court finds that the ALJ did not err in his consideration of Plaintiff's social limitations as his finding that Plaintiff "can relate adequately with supervisors and co-workers; and adapt to simple changes and avoid work place hazards" is supported by substantial evidence.  In his opinion, the ALJ accorded great weight to the opinion of state agency evaluator Elizabeth Michalec, Ph.D. (Tr. p. 32).   Dr. Michalec opined in a Medical Residual Functional Capacity Assessment that Plaintiff was "not significantly limited" in all categories of social interaction including: 1) the ability to interact appropriately with the general public, 2) the ability to ask simple questions or request assistance, 3) the ability to accept instructions and respond appropriately to criticism, 4) the ability to get along with coworkers or peers without distracting them or exhibiting behavioral extremes, and 5) the ability to maintain socially appropriate behavior and to adhere to basic standards of neatness and cleanliness. (Tr. p. 290).   Dr. Michalec found that so long as Plaintiff remained treatment compliant, she would be able to "understand and remember basic tasks; carry out simple and complex tasks; maintain concentration and attention for routine uncomplicated tasks; complete a normal work week without excessive interruptions from psychologically based symptoms if tasks are within her capacity; relate adequately to supervisors and co-workers; adapt to simple changes and avoid work place hazards." (Tr. p. 291).

In addition, the ALJ noted that Plaintiff's record shows she was able to work a job in the prison canteen after her alleged onset date, that she socialized while in prison, and that she was using adequate coping strategies. (Tr. p. 34, 214).   Further, the RFC is supported by Drs. Bowman and Kasprzak, who observed that Plaintiff was pleasant, willing, and cooperative throughout the examination, indicating she remained capable of basic interaction. (Tr. 271).

Where the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). Here, the ALJ's finding as to Plaintiff's social functioning was supported by substantial evidence. Accordingly, the Court will not disturb the ALJ's finding on appeal.

**B. Whether the ALJ erred in giving the proper weight to Plaintiff's treating physician.**

Plaintiff argues that the ALJ erred by according little weight to the opinion of Plaintiff's treating physician, Dr. Gregory Young. (Doc. 24, p. 20). Plaintiff argues the ALJ's explanation for according Dr. Young's opinion little weight (i.e., because it was an opinion on an issue reserved for the Commissioner) was improper. (Doc. 29, p. 4-5). Therefore, Plaintiff argues, Dr. Young's opinion must be accepted as true as a matter of law. (Doc. 29, p. 5).

The Commissioner contends that the ALJ was correct in assigning Dr. Young's opinion little weight because Dr. Young did not explain why he believed Plaintiff could not work, did not state Plaintiff's limitations, nor provide any reasoning for his belief that Plaintiff could not return to work for at least another year. (Doc. 26, p. 11). The Commissioner argues that Dr. Young's opinion that Plaintiff could not return to work for at least a year was not entitled to deference because that issue is one reserved to the commissioner. (Doc. 26, p. 11). The Commissioner argues that Dr. Young's opinion that Plaintiff's memory and concentration problems were disabling limitations, were contradictory to both the opinion of the state agency consultant and Plaintiff herself. (Doc. 26, p. 11).

An ALJ is required to consider all of the evidence in the case record when he makes his determination. 20 C.F.R. § 404.1520(a), *Brunson v. Astrue*, 850 F. Supp. 2d 1293, 1304 (M.D. Fla. 2011). An ALJ must consider the medical opinions that were submitted in the record as well as other relevant evidence. 20 C.F.R. § 404.1527(b). Medical opinions are statements from physicians and may include a claimant's symptoms, diagnosis and prognosis. 20 C.F.R. § 404.1527(a)(2). The ALJ is required to "state with particularity the weight he gave the different medical opinions and the reasons therefore." *Sharfarz v. Bowen*, 825 F.2d 278, 279-80 (11th Cir. 1987). *See also*, *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1179 (11th Cir. 2011). Without such a statement by the ALJ, a court cannot determine if the merits of claim are rational and supported by substantial evidence. *Id*. at 1179.

The opinions of treating physicians are entitled to substantial or considerable weight unless good cause is shown to the contrary. *Phillips v. Barnhart*, 357 F.3d 1232, 1240 (11th Cir. 2004). The Eleventh Circuit has concluded that good cause exists when the: "treating physician's opinion was not bolstered by the evidence; (2) evidence supported a contrary finding; or (3) treating physician's opinion was conclusory or inconsistent with the doctor's own medical records." *Id.*   A treating physician's opinion "may be discounted when it is not accompanied by objective medical evidence or is wholly conclusory." *Edwards v. Sullivan,* 937 F.2d 580, 583–84 (11th Cir. 1991). "Objective medical evidence of pain or other symptoms established by medically acceptable clinical or laboratory techniques (for example, deteriorating nerve or muscle tissue) must be considered in reaching a conclusion as to whether the individual is under a disability." 42 U.S.C. § 423(d)(5)(A). *See also* 20 C.F.R. § 404.1528(a). An ALJ may disregard an opinion of a treating physician; however, he must articulate clear reasons for disregarding an opinion. *Winschel*, 631 F.3d at 1179.

In his opinion, the ALJ addressed Dr. Young's opinion as follows:

> Then on March 31, 2011, Dr. Gregory Young (Lee Mental Health) opined that it was unlikely that the claimant would be able to work in any substantial gainful way for at least another year or longer.   The claimant had trouble remembering and concentrating and she could not remember numbers (Exhibits 11F, 13F).
>
> However, in the above stated opinion by Dr. Gregory Young, that it would be unlikely the claimant would be able to work in any substantial gainful way for at least another year or more, dated March 31, 2011 (sequentially and consistently from the onset through the extent of such medical documentation in the instant record), is an opinion on "issues reserved to the Commissioner."   Therefore, the undersigned accords little weight to Dr. Young's opinion. (Social Security Rule 96-2).

(Tr. p. 33).

Here, the ALJ did not err in according little weight to Dr. Young's opinion that Plaintiff was unable to return to work for at least another year.   Opinions on whether a claimant is "disabled" or "unable to work," "are not medical opinions . . . but are, instead, opinions on issues reserved to the Commissioner because they are administrative findings that are dispositive of a case; i.e., that would direct the determination or decision of disability." 20 C.F.R. § 404.1527(d). Such opinions are not entitled to any special significance. 20 C.F.R. § 404.1527(d)(3).   "Giving controlling weight to such opinions would, in effect, confer upon the treating source the authority to make the determination or decision about whether an individual is under a disability, and thus would be an abdication of the Commissioner's statutory responsibility to determine whether an individual is disabled." Social Security Ruling (SSR) 96-5.   Thus, the ALJ had no obligation to accord any significance to Dr. Young's opinion of Plaintiff's ability to work in a substantial, gainful way.

A review of Dr. Young's records of treatment from June 2011 through May 2012 supports the ALJ's finding that Plaintiff's impairments do not meet the severity level needed for disability

benefits.   (Tr. p. 28, 331-357).   In that time Dr. Young appears to have seen Plaintiff a total of six times on; June 9, 2011, July 19, 2011, September 1, 2011, November 3, 2011, February 28, 2012, and May 2, 2012.   (Tr. p. 331-357).   Throughout that time, Dr. Young's records indicate on every occasion Plaintiff had fair judgment and insight, her thought was logical and goal oriented, and she felt she was making better progress toward managing her symptoms.   (Tr. p. 331-357). His visit narratives throughout those six visits were repetitive, in fact stating the same incidents, word for word throughout the almost one year period Plaintiff was being seen.   (Tr. p. 331-357). Furthermore, the Diagnostic Review Form from May 2012, does not indicate any mental retardation, nor any skill based disorders, nor any pervasive developmental disorders which could indicate a disabling limitation.   (Tr. p. 331-332).   His final conclusions from that diagnostic review stated while there are some symptoms that are related to her past traumatic experiences her, "thought process was logical and her perception was reality based," and she was cooperative and engaged in the process.   (Tr. p. 332).

Even if the ALJ had erred in giving Dr. Young's opinion little weight, Dr. Young's records nevertheless support the ALJ's findings.   For these reasons, the Court will affirm the ALJ's decision to accord little weight to the opinion of Dr. Young.

### C. Whether the ALJ erred in finding that Plaintiff had past relevant work as a cashier and whether the ALJ was required to elicit testimony from a vocational expert to determine if Plaintiff could perform the work of a cashier.

Plaintiff argues the ALJ erred by finding her employment as a cashier constituted past relevant work.   (Doc. 24, p. 23).   According to Plaintiff, none of the jobs she has performed in the past rose to the level of substantial gainful activity as required by law to constitute past relevant work. (Doc. 24, p. 23).   The Commissioner responds that any error in determining Plaintiff's past relevant work was harmless because the ALJ continued to Step 5 and made an alternative finding

that other jobs existed in significant numbers in the national economy that Plaintiff could perform. (Doc. 26, p. 12).

At the fourth step of the sequential evaluation, the burden lies with the Plaintiff to show that he cannot return to his past relevant work. *Battle v. Astrue,* 243 F. App'x 514, 521 (11th Cir. 2007). An ALJ must consider all of the duties of a Plaintiff's past relevant work and evaluate a Plaintiff's ability to perform that work in spite of his impairments. *Levie v. Comm'r of Soc. Sec.,* 514 F. App'x 829, 830 (11th Cir. 2013). The claimant's RFC is compared to the physical and mental demands of the claimant's past relevant work, which is work completed within the past fifteen years, that was substantial gainful activity, and that lasted long enough for the claimant to learn to do it. *See* 20 C.F.R. § 404.1560(b); 20 C.F.R. § 404.1565(a). "Substantial gainful activity" is work that involves doing significant physical or mental activities and that is usually done for pay or profit, whether or not a profit is realized. 20 C.F.R. § 404.1572(a)-(b).

In this case, the record demonstrates that none of Plaintiff's previous jobs constituted substantial gainful activity as she never met the Social Security Administration's monthly substantial gainful activity amounts. (Tr. p. 128-129). The ALJ erred in determining that Plaintiff's employment as a cashier constituted substantial gainful activity. Accordingly, as the ALJ erred in determining Plaintiff had past relevant work as a cashier, the Court need not address Plaintiff's argument that the ALJ should have consulted a vocational expert to determine whether Plaintiff could work the job of cashier.

Given his error, if the ALJ had finished his review at step four of the analysis, this case would require reversal and remand for additional consideration, and this Court's review would conclude. *Akins v. Comm'r of Soc. Sec.,* 2009 WL 2913538, at * 4 (M.D.Fla. Sept.10, 2009). However, the ALJ continued his analysis, finding that Plaintiff was not disabled at step five. If this

alternative finding is supported by substantial evidence, the error at step four is harmless. *Id.* Thus, the Court must evaluate the alternative finding at step five.

"The general rule is that after determining the claimant's RFC and ability or inability to return to past relevant work, the ALJ may use the grids to determine whether other jobs exist in the national economy that a claimant is able to perform." *Phillips v. Barnhart*, 357 F.3d 1232, 1242 (11th Cir. 2004). Exclusive reliance on the Grids, however, is not appropriate when either (1) the claimant is unable to perform a full range of work at a given residual functional level, or (2) when a claimant has nonexertional impairments that significantly limit basic work skills. *Id.* (citations omitted). When considering a claimant's nonexertional limitations, an ALJ need only determine whether the claimant's nonexertional impairments significantly limit the claimant's basic work skills. *Id.* at 1243. The Eleventh Circuit has interpreted "significantly limit basic work skills" as limitations that prohibit a claimant from performing a wide range of work at a given level. *Id.* (citing *Foote v. Chater*, 67 F.3d 1553, 1559 (11th Cir. 1995)). If an ALJ determines that the nonexertional impairments do not prohibit a claimant from performing a wide range of work at a given level, then the ALJ may rely on the grids to determine if the claimant is or is not disabled. *Id.* If the nonexertional impairments significantly limit basic work skills, then the ALJ must consult a vocational expert. *Id.*

In this case, the ALJ found that Plaintiff has the RFC to perform a full range of work at all exertional levels, but that he had the following nonexertional limitations: "can understand and remember simple tasks, carryout simple and complex tasks; can maintain concentration and attention for routine uncomplicated tasks and complete a normal work week without excessive interruptions from psychologically based symptoms if the tasks are within her capacity." (Tr. p. 29). The ALJ also determined Plaintiff "can relate adequately with supervisors and co-workers;

and adapt to simple changes and avoid work place hazards." (Tr. p. 29). In addressing whether there is other work that Plaintiff can perform at step five, the ALJ found that Plaintiff's nonexertional limitations did not affect the occupational base of unskilled work at all exertional levels:

> The claimant's ability to perform work at all exertional levels has been compromised by nonexertional limitations. However, these limitations have little or no effect on the occupational base of unskilled work at all exertional levels. A finding of "not disabled" is therefore appropriate under the framework of section 204.00 in the Medical-Vocational Guidelines.

(Tr. p. 36). The ALJ's finding is correct as Plaintiff's RFC is consistent with unskilled work. *See* SSR 85-15 ("The basic mental demands of competitive, remunerative, unskilled work include the abilities (on a sustained basis) to understand, carry out, and remember simple instructions; to respond appropriately to supervision, coworkers, and usual work situations; and to deal with changes in a routine work setting."). Accordingly, the ALJ's application of Grid Rule 204.00 provided substantial evidence for the ALJ's conclusion that other jobs exist in significant numbers in the national economy that Plaintiff could perform.

### D. Whether the ALJ erred by not explaining his finding that Plaintiff's daily activities and ability to care for a child conflicted with her inability to work full-time.

Plaintiff argues that the ALJ erred by failing to explain how her daily activities and ability to care for a child conflict with her inability to work. (Doc. 24, p. 26). The Commissioner argues that the ALJ did not make a credibility finding based solely on Plaintiff's daily activities, but considered them as one factor in assessing Plaintiff's credibility, along with Plaintiff's treatment records and poor work history. (Doc. 26 p. 17).

When evaluating whether the claimant's statements of pain or other symptoms, the ALJ must determine if the claimant produced objective evidence in the form of medical and laboratory

findings that the medical diagnosis is one that would reasonably produce the symptom of pain of which the claimant complained.   42 U.S.C. § 423(d)(5)(A).   The ALJ will then analyze the intensity and persistence of the symptoms. 20 C.F.R. § 404.1529.   One factor the ALJ will analyze is the claimant's daily activities. 20 C.F.R. § 404.1529(c)(3)(i).   Other factors include: the location, duration, frequency, and intensity of the pain; precipitating and aggravating factors; the type, dosage, effectiveness, and side effects of any medicine taken to alleviate the symptoms; treatment received for relieving symptoms. 20 C.F.R. § 404.1529(c)(3).

In this case, the ALJ properly considered Plaintiff's daily activities as one factor in finding that Plaintiff's statements concerning the intensity, persistence and limiting effects of her symptoms are not credible to the extent they are inconsistent with the RFC found by the ALJ. (Tr. p. 34).   In reference to Plaintiff's daily activities, the ALJ found that

> The claimant's activities of daily living are inconsistent with the complaints and allegations.   The claimant has described daily activities, which are not as limited to the extent one would expect, of a disabled individual.   The claimant testified that she has good and bad days in a week; however, she contended that she is able to complete most of her daily activities like cleaning and cooking.   At the consultative exam, in December 2010, the claimant also reported to having no difficulties completing her daily activities and she stated that she had no problem taking care of her children.

(Tr. p. 35).   The ALJ credibility finding was also reached through a consideration of the effectiveness of Plaintiff's medication.   The ALJ noted that Plaintiff's mental impairments are not severe and disabling if she is compliant with her treatment and medications. (Tr. p. 34).   The ALJ found that the record "reveals that the claimant's treatment has been generally successful in controlling her symptoms.   The claimant testified at the hearing that her medication, BuSpar, helps with the anxiety a great deal." (Tr. p. 34).   In addition, the ALJ considered Plaintiff's work history in evaluating the credibility of Plaintiff's statements.   The ALJ noted that Plaintiff "has an

extremely poor work history, which raises some questions as to whether the current unemployment is truly the result of medical problems." (Tr. p. 35).

The ALJ's consideration of Plaintiff's daily activities was not reversible error. The ALJ considered multiple factors in finding that Plaintiff's statements concerning the intensity, persistence, and limiting effects of these symptoms were not credible to the extent they were inconsistent with the ALJ's RFC finding. Accordingly, the Court will not remand on such grounds.

### III. Conclusion

Upon consideration of the submissions of the parties and the administrative record, the Court finds that the decision of the ALJ is supported by substantial evidence. The decision of the Commissioner is **AFFIRMED** pursuant to sentence four of 42 U.S.C. § 405(g). The Clerk of Court is directed to enter judgment accordingly, terminate any pending motions and deadlines, and close the file.

**DONE** and **ORDERED** in Fort Myers, Florida on March 12, 2015.

DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties